UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>ARMANDO LOPEZ CORRAL,<br>             Defendant. | Case No. CR20-120-RSM<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

This matter comes before the Court on Defendant Corral's Motion to Reduce Sentence. Dkt. #305. Defendant moves for a reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Part B, Subpart 1 (Zero Point Offender) to the Sentencing Guidelines. *Id.* at 1. The Court has reviewed responsive briefing from the Government, Dkt. #308. No reply brief was filed by the deadline set by the Court. *See* Dkt. #307.

In November 2022, Defendant pleaded guilty to the crime of Conspiracy to Commit Money Laundering. Dkt. #215. Defendant admitted to his role as a money courier/depositor working within an international money laundering organization contracting with Mexico-based drug traffickers to move drug proceeds from locations in the United States across the border to Mexico. *Id.* Defendant admitted to his role of personally laundering more than $250,000

himself, more than $600,000 with his personal associates, in furtherance of these drug proceeds. *Id*.

Applying the 2021 Edition of the Sentencing Guidelines, the Presentence Investigation Report ("PSR") calculated Defendant's Total Offense Level as 27, after full credit for acceptance of responsibility. *Id*. This calculation was based on the agreed upward adjustment due to more than $550,000 in drug proceeds being personally laundered or laundered by close associates, the Defendant knowing or believing he laundered funds involving distribution of controlled substances, and due to the specific offense pleaded. *Id*. The report calculated Defendant's applicable sentencing range as 70 to 87 months. *Id*. However, due to Defendant's lack of criminal history and his cooperation, Probation recommended a sentence of 30 months. *Id*.; Dkt. #216.

At the sentencing hearing on February 10, 2023, this Court adopted the Sentencing Guidelines calculations as stated in the PSR without change. The Court then went well below the range and imposed a custodial sentence of 38 months. Dkt. #224. Defendant continues to serve this sentence, with a BOP projected release date in August 2024.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court has authority to reduce a defendant's sentence under certain limited circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

ORDER DENYING MOTION TO REDUCE SENTENCE - 2

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including the amendment below, and has articulated the policy and proper procedure for implementing those amendments.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a two offense-level reduction for many offenders who present zero criminal history points. The new provision states:

> Adjustment for Certain Zero-Point Offenders
>
> (a) ADJUSTMENT.— If the defendant meets all of the following criteria:
>
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
>
> decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1. On August 24, 2023, the Commission decreed that this change applies retroactively.

The Court agrees with the Government that Defendant does not qualify for this two-level reduction to his sentence because his original sentence is below both his original offense level of 27's recommended sentencing range of 70 to 87 months and the two-level reduced range of level 25's 57 to 71 months.  The Court is unsure why Defendant argues in his Motion that his original offense level was only 21 with an original resulting guideline range of 37 to 46 months that should be reduced to a Level 19 range of 30 to 37 months.  *See* Dkt. #305.  Though Probation recommended a 30-month sentence, Defendant's Total Offense Level was calculated as 27 with a Criminal History Category of I.  See Dkt. #216.  As such, Defendant's requested reduction, at best, would result in a lowest-recommended sentence of 57 months.  Even considering the § 3553(a) factors, which this Court accounted for in its original sentencing, this Court's sentence of 38 months falls well below the recommended ranges applicable to Defendant.  Accordingly, Amendment 821's retroactive Zero Point Offender amendment does not reduce Defendant's sentencing range, and his motion is denied.

Having considered Defendant's Motion, the Government's Response, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Dkt. #305, is DENIED.

DATED this 5th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE